IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) ) |
| PREMIER PLASTIC SURGERY, | ) ) **COMPLAINT** ) |
| | ) **JURY TRIAL DEMAND** ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Erin Griggle, who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Defendant Employer, Premier Plastic Surgery, discriminated against Ms. Griggle because of her pregnancy when it discharged her from her position as Secretary on December 27, 2005, approximately two weeks after learning of her pregnancy. As a result of her illegal discharge, Ms. Griggle suffered backpay losses, loss of benefits, and emotional distress damages.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant, Premier Plastic Surgery, (the "Employer"), has continuously been doing business in the State of Pennsylvania and the Township of Cranberry, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Erin Griggle filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 12, 2005, Defendant Employer has engaged in unlawful employment practices at its Cranberry, Pennsylvania facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), by discriminating against Erin Griggle on the basis of her pregnancy. The unlawful employment practices included the following:

(a) On June 7, 2005, Ms. Griggle began working at Premier Plastic Surgery's Cranberry facility as a Secretary. She was hired by Premier Plastic Surgery's Practice

Administrator, Dana Auliciano. At the time of Ms. Griggle's job interview, Ms. Auliciano asked her if she had any children, and whether she planned on having any more. Ms. Griggle told Ms. Auliciano that she did not plan to have any more children, as she had had a tubal ligation after the birth of her youngest child. Ms. Auliciano then offered Ms. Griggle the position of Secretary. At all relevant times, Ms. Griggle performed her duties in a satisfactory manner.

(b) On or about December 5, 2005, Ms. Auliciano met with Ms. Griggle to discuss Ms. Griggle's six-month performance review. Auliciano advised Ms. Griggle that she was doing well, and told her that they would meet again the following week to discuss Ms. Griggle's pay raise.

(c) On or about December 12, 2005, Ms. Griggle learned she was pregnant, and informed Ms. Auliciano, Dr. Heil, Defendant Employer's President, and the rest of Defendant Employer's staff that she was expecting. Ms. Auliciano responded by saying that she thought Ms. Griggle could not get pregnant, and that she "should sue somebody."

(d) Shortly after Ms. Griggle announced her pregnancy, Dr. Heil noted that she was showing and remarked, "we're going to have to get a mayo stand to carry around your belly." [A mayo stand is a cart used in the operating room.]

(e) On or about December 15, 2005, Dr. Heil told Ms. Griggle that she should keep "sucking her belly in," because if she did not, she would "scare away" patients, who came to Defendant Employer's facility because they wanted to "look better."

(f) On or about December 27, 2005, just two weeks after Ms. Griggle had announced her pregnancy, she was called into Ms. Auliciano's office for a meeting and advised that her employment was terminated, effective immediately. When Ms. Griggle asked why she was being terminated, Mr. Anthony Auliciano, Defendant Employer's Accountant, told her she was

"not a good fit." He also told her that Defendant Employer would not contest unemployment compensation benefits if she chose to apply for them.

(g) Upon information and belief, after Ms. Griggle was terminated, one of Defendant's staff members recommended an applicant for the position left vacant by Ms. Griggle, and Defendant's President, Dr. Heil, asked the staff member whether the job applicant "had a uterus."

8. The effect of the practices complained of in paragraphs 7(a) through (g) above has been to deprive Erin Griggle of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of her pregnancy and pregnancy related medical conditions.

9. The unlawful employment practices complained of in paragraphs 7(a) through (g) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7(a) through (g) above were done with malice or with reckless indifference to the federally protected rights of Erin Griggle.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on pregnancy and any other employment practice which discriminates on the basis of sex, and specifically pregnancy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant Employer to make whole Erin Griggle by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement of Ms. Griggle, or frontpay, in lieu thereof, if reinstatement is not feasible.

D. Order Defendant Employer to make whole Ms. Griggle by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (g) above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Griggle by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (g) above, including emotional pain and suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Ms. Griggle punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (g) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

JACQUELINE H. McNAIR (GWR)
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

LISA H. HERNANDEZ
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-2695 (telephone)
(412) 644-2664 (facsimile)
LISA.HERNANDEZ@EEOC.GOV
PA ID # 87634